UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARK W. CASTILLON** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 23-650** |
| **THE UNITED STATES OF AMERICA, et al.** | **SECTION: "G"(5)** |

**ORDER AND REASONS**

Before the Court is Plaintiff Mark Castillon's ("Castillon") Motion for Temporary Restraining Order.[1] Upon reviewing the Complaint, it has come to the Court's attention that the basis for this Court's subject matter jurisdiction must be clarified. Having considered the motion, the memorandum in support, and the arguments made by counsel at the February 23, 2023 hearing, the Court orders Castillon to submit jurisdictional briefing on or before March 3, 2023. Defendants may submit any response on or before March 10, 2023. Therefore, the Court denies the motion for a temporary restraining order because Castillon has not established the Court's jurisdiction over this matter and because he failed to demonstrate that he will suffer irreparable harm if a temporary restraining order does not issue.

**I. Background**

In this litigation, Castillon brings claims against Defendants the United States of America, the U.S. Department of the Army, Acting Secretary of the Army Christine Wormuth in her official capacity, Acting Assistant Secretary of the Army Agnes G. Schaefer in her official capacity, the National Guard Bureau, Chief of the National Guard Bureau Daniel Hokanson in his official

[1] Rec. Doc. 4.

capacity, Governor of Louisiana John B. Edwards in his official capacity, Acting Adjutant General of the Louisiana National Guard D. Keith Waddell in his official capacity, Acting Director of the Joint Staff of the Louisiana National Guard Thomas C. Friloux in his official capacity, Acting Commander of the 256th Infantry Brigade Combat Team Johnathan Lloyd in his official capacity, and Acting Director of Strategic Planning for the Louisiana Army National Guard John Doe in his official capacity (collectively, "Defendants").[2] Castillon avers that he has served in the Louisiana Army National Guard ("LAARNG") for over eighteen years.[3] Castillon alleges that he was subjected to "false allegations and subsequent capricious investigations while stationed at Fort Bliss" in Texas and upon assignment in Louisiana.[4] Castillon brings claims alleging violations of his procedural and substantive due process rights and the Administrative Procedure Act.[5]

Castillon avers that he was assigned to serve as an Executive Officer of a battalion in the 256th Infantry Brigade Combat Team ("ICBT") of the LAARNG in November 2020.[6] Castillon asserts that the 256th ICBT was commanded by Colonel Scott Desormeaux ("Colonel Desormeaux") at that time.[7] Castillon avers that Colonel Desormeaux appointed an investigating officer to evaluate two allegations of misconduct against Castillon in Fort Bliss, Texas in December 2020.[8] Castillon argues that Colonel Desormeaux thought the investigation was based

---

[2] Rec. Doc. 1 at 3–5.

[3] *Id.* at 6.

[4] *Id.* at 2.

[5] *Id.* at 17–20.

[6] *Id.*

[7] *Id.*

[8] *Id.* at 8; Rec. Doc. 4 at 3.

on unfounded facts, however the appointed investigating officer substantiated both of the allegations.[9] Castillon rebutted these findings and continued to deny the truth of the underlying allegations.[10] Castillon asserts that Defendants failed to provide any formal Board of Inquiry as provided in the Army Regulations, or other opportunity to present evidence and witnesses, or confront his accuser to determine their credibility in the Fort Bliss Investigation.[11]

Castillon asserts that he was ordered to return to full time duty in New Orleans, Louisiana following the Fort Bliss Investigation's findings and recommendations.[12] Castillon avers that Adjutant General of the LAARNG, Major General D. Keith Waddell "appointed a second investigating officer . . . to investigate fourteen allegations of misconduct by Castillon" in Louisiana.[13] Castillon contends that the second investigating officer published findings "substantiating eight of the fourteen allegations, partially substantiating three allegations, and unsubstantiating three allegations (but one with caveat)."[14] All of these allegations were for sexual harassment.[15] Castillon further avers that he was again not provided any board of inquiry into his alleged sexual harassment following the Louisiana Investigation.[16]

Castillon avers that his superiors initiated and completed the process to involuntarily

---

[9] Rec. Doc. 1 at 8–9; Rec. Doc. 4 at 3.

[10] Rec. Doc. 1 at 9; Rec. Doc. 4 at 3.

[11] Rec. Doc. 1 at 9; Rec. Doc. 4 at 3.

[12] Rec. Doc. 1 at 9.

[13] *Id.*

[14] *Id.* at 10.

[15] Rec. Doc. 1-6 at 2.

[16] Rec. Doc. 1 at 10.

separate Castillon from active status in violation of the relevant law and regulations.[17] Castillon asserts that on October 28, 2021, Colonel Rob R. Billings issued a Notification of Involuntary Release from the active guard reserve program to Castillon because of "substantiated sexual harassment claims from 'the AR 15-6 investigation.'"[18] Castillon contends that he submitted his rebuttal to the notice of separation on November 30, 2021.[19] Castillon asserts that LAARNG Chief of Military Justice, Major Gavin Routt issued a memorandum confirming that "Castillon's packet for involuntary removal from the [active guard reserve program] was legally sufficient," and that "the Adjutant General was the final separation authority."[20]

Castillon alleges that the Adjutant General of the Louisiana National Guard D. Keith Waddell signed a memorandum approving the involuntary separation of Castillon from the active guard reserve program of the LAARNG.[21] Castillon alleges that the Adjutant General was informed that he did not have final approval authority to release Castillon from the active guard reserve program because "Castillon was in sanctuary status (meaning he completed 18 years of active federal service)."[22] Castillon avers that, on November 30, 2022, then-Acting Assistant Secretary of the Army Yvette K. Bourcicot signed a memorandum approving the request to involuntarily release Castillon from the active guard reserve program and directed that Castillon's

---

[17] Rec. Doc. 1 at 12; Rec. Doc. 4 at 5.

[18] Rec. Doc. 1 at 12 (alteration omitted); *see also* Rec. Doc. 1-6 at 2.

[19] Rec. Doc. 1 at 12.

[20] *Id.* at 13.

[21] *Id.*; Rec. Doc. 4 at 7.

[22] Rec. Doc. 1 at 13.

release from active service be characterized as General Under Honorable Conditions.[23]

Castillon filed the complaint in this matter on February 22, 2023.[24] Castillon filed the instant motion that same day.[25] The Court set the motion for hearing on February 23, 2023 at 9:00 AM.[26]

## **II. Law and Analysis**

Castillon asserts that this Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1343, 42 U.S.C. § 1983, and the Administrative Procedure Act ("APA").[27] "Final decisions made by boards for the correction of military records . . . are subject to judicial review under the APA and can be set aside if they are arbitrary, capricious, or not supported by substantial evidence."[28] The Fifth Circuit has recognized that a federal district court does not have jurisdiction to "review internal military affairs in the absence of (A) an allegation of the deprivation of a constitutional right, or an allegation that the military has acted in violation of applicable statutes or its own regulations, and (B) exhaustion of available intraservice corrective measures."[29] Castillon clearly alleges a deprivation of a constitutional right, but during the hearing on the motion for a temporary restraining order, he conceded that he has not exhausted the available administrative remedies.

---

[23] *Id.* at 14.

[24] *Id.*

[25] *See generally* Rec. Doc. 4.

[26] Rec. Doc. 5.

[27] Rec. Doc. 1 at 2–3.

[28] *Williams v. Wynne*, 533 F.3d 360, 368 (5th Cir. 2008).

[29] *Hodges v. Callaway*, 499 F.2d 417, 419–20 (5th Cir. 1974) (raising the jurisdictional issue *sua sponte*).

"Notwithstanding the strong policies favoring the exhaustion of administrative remedies in military cases," the Fifth Circuit has recognized several established exceptions to the exhaustion doctrine in military discharge actions.[30] "First, only those remedies which provide a genuine opportunity for adequate relief need be exhausted."[31] "Second, exhaustion is not required when the petitioner may suffer irreparable injury if he is compelled to pursue his administrative remedies."[32] "Third, the doctrine will not apply when administrative appeal would be futile (the futility exception)."[33] "Finally, exhaustion may not be required, under some precedents, if the plaintiff has raised a substantial constitutional question."[34]

Castillon has not briefed these issues. "Federal courts are duty-bound to examine the basis of subject matter jurisdiction *sua sponte*."[35] Considering the limited information available, the Court questions whether it has jurisdiction over this matter and will require Plaintiff to submit jurisdictional briefing. Nevertheless, considering the exigent nature of the pending motion and the recognized exceptions to the exhaustion requirements,[36] the Court proceeds to address the requirements for a temporary restraining order.

In his motion for a temporary restraining order, Castillon requests that the Court enjoin Defendants from involuntarily separating Castillon from the Active Guard Reserve program "to

---

[30] *Von Hoffburg v. Alexander*, 615 F.2d 633, 638 (5th Cir. 1980).

[31] *Id.* (citing *Hodges*, 499 F.2d at 420–21).

[32] *Id.* (citing *Rhodes v. United States*, 574 F.2d 1179, 1181 (5th Cir. 1978)).

[33] *Id.* (citing 5 B. Mezines, J. Stein, J. Gruff, Administrative Law § 49.02(4) (1979)).

[34] *Id.* (citing *Downen v. Warner*, 481 F.2d 642, 643 (9th Cir. 1973)).

[35] *Union Planters Bank Nat. Ass'n v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004).

[36] The irreparable harm exception to the exhaustion requirement overlaps with the irreparable harm requirement for a temporary restraining order.

avoid imminent harm and maintain the status quo."[37] Castillon argues that he is entitled to the requested relief because: (1) there is a substantial likelihood it will succeed on the merits that Defendants violated the Administrative Procedure Act and violated Castillon's right to procedural and substantive due process; (2) there is a substantial threat of irreparable harm because his "separation is detrimental to his ability to receive retirement pay . . . and his ability to obtain gainful employment"; (3) balance of the equities favors issuance of an injunction because a temporary restraining order will not harm Defendants; and (4) the requested injunctive relief is in the public interest of preventing the misappropriation of funds by illegal means.[38]

Federal Rule of Civil Procedure 65 governs injunctions and restraining orders, and Rule 65(b) sets forth the procedural rules governing the issuance of temporary restraining orders. In order to obtain a temporary restraining order, a plaintiff must establish the following essential elements: (1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the injunction will result in irreparable injury; (3) the threatened injury outweighs any damage that the injunction will cause to the adverse party; and (4) the injunction will not do disservice to the public interest.[39] Because such relief is an extraordinary remedy, to justify entry of a temporary restraining order or preliminary injunction,[40] the petitioner must "clearly carr[y] the burden of persuasion on all four elements."[41] If a plaintiff fails to carry its burden as to any

---

[37] Rec. Doc. 4 at 2.

[38] *Id.* at 10–17.

[39] *Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011).

[40] The legal standard for issuance of a temporary restraining order and for a preliminary injunction are the same. *See Gregory v. Miller*, No. 04-3017, 2007 WL 891878, at *2 (E.D. La. Mar. 21, 2007) (Engelhardt, J.).

[41] *PCI Transp., Inc. v. Fort Worth & W. R.R. Co.*, 418 F.3d 535, 545 (5th Cir. 2005) (internal quotation marks and citations omitted).

one of these factors, injunctive relief cannot be granted.[42] Regardless of whether the temporary restraining order is granted, Federal Rule of Civil Procedure 52(a) requires the Court to "state the findings of fact and conclusions of law that support its action."[43]

As to the second factor, Castillon contends that there is a substantial threat of irreparable harm because without injunctive relief, Castillon's separation from the active guard reserve program poses a substantial detriment to his ability to receive retirement pay and obtain gainful employment.[44] Castillon asserts that an order enjoining Defendants from removing him from active guard reserve status in this case is warranted to prevent a violation of Castillon's sanctuary status under 10 U.S.C. § 12686, which provides that:

> [A] member of a reserve component who is on active duty . . . and is within two years of becoming eligible for retired pay or retainer pay under a purely military retirement system . . . may not be involuntarily released from that active duty before he becomes eligible for that pay, unless the release is approved by the Secretary.[45]

Castillon argues that "[u]pon release from active duty on February 23, 2023, Castillon will not be able to complete 20 years of active-duty service to receive the active duty retirement that his sanctuary status is supposed to protect."[46]

"Federal courts have long recognized that, when 'the threatened harm is more than de minimis, it is not so much the magnitude but the irreparability that counts for purposes of a

---

[42] *See Enterprise Int'l Inc. v. Corp. Estatal Petrolera Ecautoriana*, 762 F.2d 464, 472 (5th Cir. 1985).

[43] Fed. R. Civ. P. 52(a)(1), (2). Again, the Court questions whether it has jurisdiction over this matter. Nevertheless, to the extent necessary, this order constitutes the Court's findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52(a).

[44] *Id.*

[45] Rec. Doc. 2-1 at 1, 5–6.

[46] Rec. Doc. 4 at 15.

preliminary injunction.'"[47] "It is thus well-established that an injury is irreparable only 'if it cannot be undone through monetary remedies.'"[48] "'The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm.'"[49]

While the harm Castillon will suffer is imminent, he has not shown that the harm is irreparable. In support of his request for injunctive relief, Castillon cites no authority instructive on the issue of whether money damages would not fully repair the harm alleged here.[50] Castillon recites boilerplate language restating the requirement of the second step of the inquiry; however, he makes no assertions as to whether reinstatement or money damages would be an inadequate remedy for a purported wrongful release from active guard reserve status. Therefore, the Court finds that Castillon has failed to demonstrate to the Court that he will suffer irreparable harm if a temporary restraining order does not issue. Accordingly, having failed to satisfy the second prong of the test for a temporary restraining order to issue, the Court finds that Castillon has not carried his burden. Additionally, as discussed in more detail above, Castillon has not pled sufficient facts to establish the Court's jurisdiction over this matter.

Accordingly,

---

[47] *Dennis Melancon, Inc. v. City of New Orleans*, 703 F.3d 262, 279 (5th Cir. 2012) (quoting *Enter. Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472 (5th Cir. 1985)).

[48] *Id.* (quoting *Interox Am. v. PPG Indus., Inc.*, 736 F.2d 194, 202 (5th Cir. 1984)).

[49] *Id.* (quoting *Morgan v. Fletcher*, 518 F.2d 236, 240 (5th Cir. 1975)).

[50] *See* Rec. Doc. 4 at 14–15.

**IT IS HEREBY ORDERED** that Plaintiff Mark W. Castillon's Motion for Temporary Restraining Order[51] is **DENIED**. Castillon has not established the Court's jurisdiction over this matter, and he has failed to demonstrate that he will suffer irreparable harm if a temporary restraining order does not issue.

**IT FURTHER ORDERED** that Plaintiff Mark W. Castillon must submit jurisdictional briefing to the Court on or before March 3, 2023. Defendants may file any response on or before March 10, 2023.

**IT IS FURTHER ORDER** that the Clerk of Court shall serve a copy of this Order on the United States Attorney's Office for the Eastern District of Louisiana and counsel for Castillon.

**NEW ORLEANS, LOUISIANA**, this 23rd day of February, 2023.

Nannette Jolivette Brown

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

[51] Rec. Doc. 4.